UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| EBONY ENGLEMON, individually and on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>OHIO FIRST HOME HEALTHCARE, INC., and SADDAT S. AHMED,<br><br>Defendants | CASE NO. 1:16-cv-01158<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) and CLASS ACTION PURSUANT TO FRCP 23 |

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Ebony Englemon, individually and on behalf of all other similarly situated current and former employees of Defendants, brings this Collective and Class Action against Defendants, Ohio First Home Healthcare, Inc. and Saddat S. Ahmed (collectively, "Defendants"), and alleges as follows:

**I.**

**OVERVIEW**

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. She brings these claims as a collective action on behalf of herself and all current or former hourly home healthcare workers employed by Defendants who were not paid overtime for all hours worked in excess of 40 hours a week as required by § 207(a) of the FLSA.

2. Plaintiff ("Ohio Class Rep") also brings claims under the Ohio Minimum Fair Wage Standards ("OMFWS"), Ohio Rev. Code Ann. § 4111.01 *et seq.*, to recover unpaid

overtime compensation and the Ohio Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15. She brings her state law claims on behalf of a class of hourly home health care workers employed by Defendants pursuant to Fed. R. Civ. P. 23 ("Ohio Class").

## II.

## PARTIES

3. Plaintiff, Ebony Englemon, is a citizen of the United States, domiciled in the , et County of Hamilton, State of Ohio, and was employed by Defendants for over five years until approximately August, 2016, as an hourly home healthcare worker who provided companionship services.

4. Plaintiff's hours varied from week to week but she regularly worked more than 40 hours a week, including some weeks in which she worked over 60.

5. As an example, for the two-week pay period ending on November 7, 2015, Plaintiff was paid $10.50 for one hundred twenty (124) hours of work. No overtime premium was paid.

6. Despite her overtime work, she was not properly compensated for all hours worked in excess of 40 hours per week for work performed. Plaintiff's consent to sue is attached hereto as Exhibit A.

7. Defendant Ohio First Home Healthcare, Inc. (hereinafter referred to as "Ohio First") is an Ohio corporation with its principal place of business located at 8075 Reading Road, Suite 202, Cincinnati Ohio 45237 and may be served through its registered agent, Saddat S. Ahmed, at the same location.

8. Defendant Ohio First employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

9. Defendant Saddat S. Ahmed (hereinafter referred to as "Ahmed") is a major individual domiciled in Columbus, Ohio. At all relevant times, Ahmed was and is an owner and President of Ohio First and, as such, is an "employer" under the FLSA

10. Defendant Ahmed employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

11. At all relevant times, Ahmed has been actively involved in managing the operations of Ohio First.

12. At all relevant times, Ahmed had control over Ohio First's pay policies and the unlawful policies and practices alleged herein.

13. At all relevant times, Ahmed had power over personnel and payroll decisions at Ohio First.

14. At all relevant times, Ahmed had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

15. At all times relevant, Ahmed had the power to transfer the assets and liabilities of Ohio First.

16. At all relevant times, Ahmed had the power to declare bankruptcy on behalf of Ohio First.

17. At all relevant times, Ahmed had the power to enter into contracts on behalf of Ohio First.

18. At all relevant times, Ahmed had the power to close, shut down, and/or sell Ohio First.

19. The precise size and the identity of the Collective and Class members should be ascertainable from the business records, tax records and/or employee or personnel records of Defendants and its related and affiliated entities.

## III.

## JURISDICTION

20. This Court has subject matter jurisdiction of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §207(a) of the FLSA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the Southern District of Ohio.

## IV.

## VENUE

21. Venue is proper in this District under 28 U.S.C. §1391(b)(1) as Defendants reside in the Southern District of Ohio and under 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise the claims occurred in the District of Ohio.

## V.

## COLLECTIVE ACTION DEFINITION

22. The collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current or former hourly home healthcare workers employed by Ohio First Home Healthcare, Inc. and/or any of its affiliated entities, who worked over 40 in a work week since January 1, 2015.

("FLSA Collective Members").

## VI.

## RULE 23 CLASS ACTION DEFINITION

23. The class of similarly situated employees sought to be certified as a class under Fed. R. Civ. P. 23 is defined as:

> All current or former hourly home healthcare workers employed in Ohio by Ohio First Home Healthcare, Inc. and/or any of its affiliated entities,

who worked over 40 in a work week since January 1, 2015.

("Ohio Class Members").

## VII.

## COVERAGE UNDER THE FLSA

24. At all times hereinafter mentioned, Defendant Ohio First is and has been an employer within the meaning of 29 U.S.C. §203(d).

25. At all times hereinafter mentioned, Defendant Ohio First is and has been an enterprise within the meaning of 29 U.S.C. §203(r).

26. At all times hereinafter mentioned, Defendant Ohio First has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27. At all times hereinafter mentioned, Defendant Ahmed is and has been an employer within the meaning of 29 U.S.C. §203(d).

28. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VIII.

## FACTS

5

29. Plaintiff, the FLSA Collective Members and Ohio Class Members were employed by Defendants as hourly home health care workers who provided companionship services for the elderly, ill or disabled.

30. Plaintiff's hours varied but she regularly worked more than 40 hours a week, including some weeks in which she worked as many as 60.

31. Upon information and belief, the FLSA Collective and Ohio Class Members were also regularly scheduled to and did work more than 40 hours in a week.

32. Neither Plaintiff nor the FLSA Collective and Ohio Class Members were compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty hours a week for all weeks worked.

33. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practice.

## IX.

## FLSA VIOLATIONS

34. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over 40 in a work week.

35. Defendants have violated, and are violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying hourly home healthcare workers, like Plaintiff and the FLSA Class Members, overtime.

36. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective Members overtime compensation for all hours worked over 40 during the class period.

## X.

## OMFWS VIOLATIONS

37. The OMFWS requires employers to pay employees one and one-half their regular rate of pay for any hours worked more than 40 in a week. Ohio Rev. Code Ann. § 4111.03(A).

38. Defendants have violated, and are violating, the provisions of the OMFWS by not paying hourly home healthcare workers, like Plaintiff and the Ohio Class Members overtime wages.

39. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Ohio Class Members overtime compensation for all hours worked over 40.

40. Defendants' persistent failures to make wage payments to Plaintiff and the Ohio Class Members within thirty (30) days of when such payments were due are a violation of Ohio Rev. Code Ann. § 4113.15.

41. Each failure to pay is a separate violation.

42. Defendants' failure to timely pay Plaintiff and the Ohio Class Members with thirty (30) days subjects Defendant to liquated in accordance with Ohio Rev. Code Ann. § 4113.15.

## XI.

## COLLECTIVE ACTION ALLEGATIONS

43. Defendants' practice and policy of not paying overtime affects Plaintiff and the FLSA Collective Members and is a willful violation of the FLSA.  Many of these employees have worked with Plaintiff and have reported that they were paid in the same manner and were not paid overtime for all hours worked over 40 per work week as required by the FLSA.

44. These employees are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay, and employment practices.

45. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the FLSA Collective Members are similarly situated employees.

46. The specific job titles or precise job requirements of the FLSA Collective Members does not prevent collective treatment. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of 40 hours per week at the overtime rate.

## XI.

## CLASS ALLEGATIONS

47. The Ohio Class Members identified above are so numerous that joinder of all members is impracticable.

48. Although the precise number of such persons is not known to Plaintiff, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

49. Upon information and belief, the size of the Ohio Class numbers more than 100 persons.

50. Defendants acted or refused to act on grounds generally applicable to the Ohio Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Class as a whole.

51. The Second and Third Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to

the Ohio Class Members that predominate over any questions solely affecting individual Ohio Class Members, including but not limited to:

    a. whether the OMFWS requires Defendants to pay the Ohio Class Members overtime wages;

    b. whether Defendants failed to pay the Ohio Class Members their wages due in each pay period;

    c. whether Defendants failed and/or refused to pay the Ohio Class Members overtime pay for all hours worked in excess of 40 hours per workweek;

    d. whether Defendants correctly calculated and compensated the Ohio Class Members for hours worked in excess of 40 per workweek;

    e. whether Defendants failed to keep true and accurate time records for all hours worked by the Ohio Class Members; and

    f. the nature and extent of Ohio Class-wide injury and the appropriate measure of damages for the Ohio Class Members.

52. The claims of the Ohio Class Rep are typical of the claims of the Ohio Class Members she seeks to represent. The Ohio Class Rep and the Ohio Class Members work or have worked for Defendants as hourly home healthcare workers and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. Defendants acted and refused to act on grounds generally applicable to the Ohio Class Members, thereby making declaratory relief with respect to the Ohio Class Members appropriate.

53. The Ohio Class Rep will fairly and adequately represent and protect the interests of the Ohio Class Members.

54. The Ohio Class Rep understands that, as class representative, she assumes a fiduciary responsibility to the Ohio Class Members to represent their interests fairly and adequately.

55. The Ohio Class Rep recognizes that as class representative, she must represent and consider the interests of the Ohio Class Members just as she would represent and consider her own interests.

56. The Ohio Class Rep understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Ohio Class Members.

57. The Ohio Class Rep recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Ohio Class Members.

58. The Ohio Class Rep understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

59. The Ohio Class Rep has retained counsel competent and experienced in complex class action employment litigation.

60. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The Ohio Class Members have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of each class are not *de minimis,* such damages are small compared to the expense and

burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT—OVERTIME WAGES
### (On Behalf of Plaintiff and the FLSA Collective Members)

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants failed to pay overtime wages to Plaintiff and the FLSA Class Members for all the hours they worked more than 40 in a week as required by the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* and its implementing regulations.

63. Defendants' failure to pay proper overtime wages for each hour worked over 40 per week was willful within the meaning of the FLSA.

64. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Class Members to suffer loss of wages and interest thereon.

### SECOND CAUSE OF ACTION
### OHIO MINIMUM FAIR WAGE STANDARDS—OVERTIME WAGES
### (On Behalf of Plaintiff and the Ohio Class Members)

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66. Defendants failed to pay overtime wages to the Ohio Class Rep and Ohio Class Members for all the hours they worked more than 40 in a week as required by Ohio Rev. Code Ann. § 4111.03(A).

67. Defendants further knowingly failed to timely pay owed wages within thirty (30) days of the due dates in violation of Ohio Rev. Code Ann. § 4113.15.

68. Defendants' failure to comply with Ohio wage-and-hour protections caused the Ohio Class Rep and Ohio Class Members to suffer loss of wages and interest thereon, and thus, entitled them to compensatory damages, liquidated damages, interest, attorneys' fees and costs of these proceedings.

### THIRD CAUSE OF ACTION
### OHIO REV. CODE ANN. § 4113.15
### (On Behalf of Plaintiff and Ohio Class Members)

69. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

70. During all relevant times, Ohio First has been an entity covered by Ohio Rev. Code Ann. § 4113.15, and Plaintiff and the Ohio Class Members were employees within the meaning of Ohio Rev. Code Ann. § 4113.15 and were not exempt from its protections.

71. Ohio Rev. Code Ann. § 4113.15(A) requires that Ohio First pay Plaintiff and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

72. Plaintiff and the Ohio Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

73. In violating Ohio law, Ohio First acted willfully, without a good faith basis and with reckless disregard to Ohio law.

74. As a result of Ohio First's willful violation, Plaintiff and the Ohio Class Members are entitled to unpaid wages and liquidated damages, as stated in Ohio Rev. Code Ann. § 4113.15.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the putative class members at the earliest opportunity to ensure class members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff under the FLSA;

3. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action as provided under the FLSA;

4. For an Order awarding Plaintiff (and those who have joined in the suit) their attorneys' fees as provided under the FLSA;

5. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

6. With respect to the Ohio Class:

    a. Certifying this action as a class action;

    b. Designating Plaintiff as the Class Representative;

    c. Declaring that the practices complained of herein are unlawful under Ohio state law;

    d. Appointing the undersigned as class counsel;

e. Ordering appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

f. Awarding damages, liquidated damages, appropriate statutory penalties, and restitution to be paid by Defendants according to proof;

g. Awarding pre-judgment and post-judgment interest, as provided by law;

h. Ordering such other injunctive and equitable relief as the Court may deem just and proper; and

i. Awarding Plaintiff attorneys' fees and costs of suit, including expert fees and costs.

7. For an Order granting such other and further relief as may be necessary and appropriate.

Dated: December 21, 2016

Respectfully Submitted,

 /s/ Andrew Kimble
Andrew Kimble (0093172)
**KIMBLE LAW, LLC**
1675 Old Henderson Road
Columbus, Ohio 43220
Telephone: (614) 983-0361
Facsimile: (614) 448-9408
Email: andrew@kimblelawoffice.com

Philip Bohrer (to be admitted *pro hac vice*)
Scott E. Brady (to be admitted *pro hac vice*)
**BOHRER BRADY, L.L.C.**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com

## **JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

                                                       /s/ Andrew Kimble
                                                      Andrew Kimble