# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio, Western Division, Hon. Michael R. Barrett, U.S. District Judge, presiding ("District Court"), Plaintiff Ebony Englemon, individually and on behalf of the Collective Members, and Defendants Ohio First Home Healthcare, Inc. ("Ohio First"), and Saddat S. Ahmed ("Ahmed") (Ohio First and Ahmed, collectively, "Defendants"), agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Southern District of Ohio, Western Division entitled *Ebony Englemon v. Ohio First Home Health Care, Inc.*, *et al.*, Case No. 1:16-cv-01158-MRB.

2. "Representative Plaintiff" or "Plaintiff" shall mean Ebony Englemon.

3. "Defendants" shall mean Ohio First and Ahmed and all of their former, current and respective officers, directors, agents, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Collective Members" shall consist of Representative Plaintiff and all of the "Eligible Settlement Participants" who execute and return Consent and Release Forms.

5. "Eligible Settlement Participants" consist of the employees identified in Appendix 1 as "Eligible Settlement Participants" who have not already joined the case, and who are current and former non-exempt home health aides of Ohio First who worked over 40 hours in one or more workweeks between January 1, 2015 and December 31, 2015, and who were paid their regular hourly rate, rather than the overtime rate of one and one-half their hourly rate for hours worked over 40.

6. "Parties" shall mean the Representative Plaintiff, Collective Members, and Defendants, and "Party" shall mean any one of the Parties.

7. "Collective Counsel" are Andrew Kimble of Markovits, Stock & DeMarco, LLC, and Philip Bohrer and Scott Brady of Bohrer Brady, L.L.C. "Defendants' Counsel" are Richard A. Millisor, Mathew A. Parker, and James M. Patrick of Fisher & Phillips LLP.

8. "Settlement" or "Agreement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

9. On December 21, 2016, Plaintiff commenced the Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

10. In the Action, Plaintiff alleged that Ohio First failed to pay its non-exempt home health aides overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and analogous Ohio state wage-and-hour laws.

11. Defendants denied liability and dispute the damages asserted by Plaintiff.

12. Plaintiff believes that the Action is meritorious based on alleged violations of the FLSA and Ohio state law, and that the Action is appropriate for collective treatment. Defendants deny these allegations.

13. Between April 2017 and August 2017, the Parties engaged in informal yet comprehensive discovery, discussions, and negotiations regarding Plaintiff's claims and Defendants' defenses to such claims.

14. On August 7, 2017, the Parties reached an agreement to settle the Action on the terms set forth in this Agreement.

15. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

16. Collective Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiff's claims against Defendants, including researching the applicable law and the potential defenses. Based on their own independent investigation and evaluation, Collective Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Collective Members in light of all known facts and circumstances, including the risk of significant delay and Defendants' defenses. Defendants agree that the Settlement is fair, adequate and reasonable.

17. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that Defendants have liability to Plaintiff or any Collective Members on all of those claims.

## SETTLEMENT PAYMENTS

18. **Maximum Eligible Settlement Amount:** The Maximum Eligible Settlement Amount is Forty-Five Thousand and Sixty Dollars and Forty Cents ($45,060.40), which sum will cover: (a) all of the potential Individual Payments to the Collective Members; and (b) Collective Counsel's attorneys' fees and expenses.

19. **Settlement Payments to Collective Members:** Twenty Eight Thousand and Sixty Dollars and Forty Cents ($28,060.40) of the Maximum Eligible Settlement Amount will be used to make Individual Payments to the Collective Members as specified in Paragraph 20 of this Agreement.

20. **Calculation of Individual Payments:** The Individual Payments were calculated by Ohio First and approved by Plaintiff, and are based on the Representative Plaintiff and each Eligible Settlement Participant's time/attendance records maintained by Ohio First. For the time period of January 1, 2015, through October 13, 2015, each Collective Member will receive forty percent (40%) of his/her alleged overtime damages during that period. For the time period of October 14, 2015, through December 31, 2015, each Collective Member will receive one hundred and twenty-five percent (125%) of his/her alleged overtime damages during that period. The potential Individual Payments are provided in Appendix 1.

In addition to her Individual Payment, Representative Plaintiff will receive One Thousand Five Hundred Dollars and No Cents ($1,500.00) as a service award.

21. **Retention of Individual Payments:** Any Individual Payments to Eligible Settlement Participants who do not execute and return Consent and Release Forms will be retained by Ohio First.

22. **Treatment of Individual Payments:** Each Collective Member's Individual Payment will be treated as payment for wages, and Ohio First will issue to each Collective Member an IRS Form W-2 for all amounts paid as wages under this Settlement. Ohio First will determine the proper tax withholding amounts on the wage payments in accordance with each Collective Member's previously elected wage withholding instructions, and Ohio First is responsible for payment of the employer's share of payroll taxes required by law.

23. **Collective Counsel's Attorneys' Fees and Expenses:** A maximum of Seventeen Thousand Dollars ($17,000.00) of the Total Eligible Settlement Amount will be paid to Collective Counsel for attorneys' fees and expenses incurred in the Action. Ohio First will issue to Collective Counsel a Form1099-Misc. with respect to the attorneys' fees and expenses.

## RELEASE OF CLAIMS

24. **Released Claims:** The Collective Members will release Defendants from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and Ohio Minimum Fair Wage Standards Act, for the Released Period.

25. **Released Period:** The Released Period for the Collective Members shall mean the period between January 1, 2015, and December 31, 2015.

26. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Collective Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting and administering the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses, Collective Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

## APPROVAL AND DISMISSAL OF THE ACTION

27. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of the Settlement by the District Court, to effectuate its terms, and to dismiss the action with prejudice.

28. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent to the District Court.

29. **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit C to the Parties' Joint Motion For Approval of Settlement, granting final approval of the Settlement, approving the form, content, and method of distribution of the notice to Eligible Settlement Participants, approving the amounts payable to Collective Members and Collective Counsel, and entering judgment dismissing the Action with prejudice.

30. **Dismissal With Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice and final judgment shall be entered, at Defendants' costs.

## SETTLEMENT ADMINISTRATION

31. **Contact Information for Collective Members:** Within seven (7) days after the District Court grants final approval of the Settlement, Ohio First will provide to Collective Counsel a spreadsheet containing the names, last known addresses, last known email addresses, and last known phone numbers, to the extent that Ohio First has this information, of the Eligible Settlement Participants, according to records maintained by Ohio First.

32. **Distribution of Notice and Consent and Release Forms:** Collective Counsel will distribute the Notice and Consent and Release Forms to the Eligible Settlement Participants via First-Class Mail and email, if available, within fourteen (14) days after the District Court grants final approval of the Settlement. If any notices are returned as undeliverable, Collective Counsel will advise Defendants' Counsel, and the Parties will make reasonable efforts to locate the Collective Members and re-send the Notices.

33. **Consent Period and Return of Consent and Release Forms:** In order to receive a payment under this Settlement, the Eligible Settlement Participants must properly sign and return the Consent and Release Form attached as Exhibit B to the Parties' Joint Motion for Approval of Settlement. The Eligible Settlement Participants must return Consent and Release Forms to Collective Counsel within sixty (60) days after the mailing of the notice in order to receive their Individual Payment. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Collective Counsel within the sixty (60) day period to be timely.

34. **Filing of Consent and Release Forms:** Upon receipt of the executed Consent and Release Forms from Eligible Settlement Participants, Collective Counsel will file them with the

Court. Within seven (7) days after the consent period is completed, all of the Collective Members' Consent and Release Forms must be filed with the District Court.

35. **Filing of Schedule of Individual Payments:** A Schedule of Individual Payments to the Collective Members who have affirmatively filed Consent and Release forms, calculated pursuant to paragraph 20, shall be filed by Collective Counsel with the Court within fourteen (14) days after the Consent Period is completed.

36. **Distribution of Individual Payments to Collective Members:** Ohio First will issue the Individual Payment checks payable to the Collective Members within thirty (30) days of the close of the Consent Period and the delivery to Defendants' Counsel the Schedule identified in Paragraph 35. If any Individual Payment checks are returned as undeliverable to Ohio First, Ohio First will mail the checks to Collective Counsel who will make reasonable efforts to locate the Collective Members and redeliver the checks. Any checks that become lost or void during the (6) month period after each distribution will be reissued to any Collective Member upon request and without charge to the Collective Member.

37. **Distribution of Payments to Collective Counsel:** Ohio First will issue the checks payable to Collective Counsel for the attorneys' fees and expenses in three (3) equal installments. The first installment will occur within ten (10) business days after the close of the Consent Period, the second installment will occur no later than 60 calendar days thereafter, and the third installment will occur no later than 60 calendar days after the second installment.

38. **Unclaimed Payments:** All Individual Payments shall remain negotiable for an 8-month period after the date of each distribution. To the extent there are any Individual Payments to any Collective Members that are unclaimed or not distributed, such as undeliverable or uncashed settlement checks, Ohio Health will advise Collective Counsel of such amounts. Any amounts not cashed after eight (8) months of the initial distribution of the settlement checks shall be retained by Ohio First.

39. **Late Consent and Release Forms:** In the event Eligible Settlement Participants eSign, postmark, fax or email their Consent and Release forms after the 60-day consent period, Collective Counsel will notify Defendants' Counsel within three (3) business days. Defendants will decide, in their sole discretion and within seven (7) business days of receiving notice from Collective Counsel, whether to allow the late Eligible Settlement Participants to become Collective Members and participate in the Settlement. If Defendants decide to allow the late Eligible Settlement Participants to become Collective Members and participate in the Settlement, Collective Counsel shall immediately file their Consent and Release forms with the Court, causing them to be bound by the Settlement and their claims to thereby be dismissed with prejudice. Ohio Health will mail the appropriate Settlement Payments directly to them within fourteen (14) days after their Consent and Release forms are filed with the Court.

## PARTIES' AUTHORITY

40. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

41. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

42. The Parties and Collective Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION OF LIABILITY

43. Nothing contained in this Settlement shall constitute or be construed or deemed as an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

## NO ADMISSION OF COLLECTIVE OR CLASS LIABILITY

44. The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

45. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## MODIFICATION

46. This Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Agreement.

### INTEGRATION CLAUSE

47. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

### BINDING ON ASSIGNS

48. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

### COUNTERPARTS

49. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

### BREACH

50. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

### JURISDICTION

51. The parties will request that the Court expressly retain jurisdiction to enforce the terms of the Settlement, including the notice administration, addition of Opt-In Party Plaintiffs and distribution process.

### COLLECTIVE SIGNATORIES

52. Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf the Collective Members. It is agreed that it is burdensome to have all of the Collective Members execute this Agreement. This Agreement shall have the same force and effect as if each Collective Member executed this Agreement.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: 10-25-17

EBONY ENGLEMON

_____
Representative Plaintiff, Individually
and on Behalf of the Collective Members

Dated: 9-14-17

OHIO FIRST HOME HEALTH CARE, INC.

By: Ahmed A. Isse
Its: CFO/Owner

Dated: 10/25/17

SCOTT BRADY
BOHRER BRADY, L.L.C.

_____
Collective Counsel

Dated: 9-26-2017

RICHARD MILLISOR
FISHER & PHILLIPS LLP

_____
Defendants' Counsel

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EBONY ENGLEMON, individually and on behalf of all others similarly situated, | ) CASE NO.: 1:16-CV-01158 ) |
| Plaintiff, | ) JUDGE MICHAEL R. BARRETT ) ) |
| v. | ) ) |
| OHIO FIRST HOME HEALTHCARE, INC., et al., | ) ) ) |
| Defendants. | |

## APPENDIX 1

| *Eligible Settlement Participants* | *Gross Individual Payment* |
|---|---:|
| Allen, Tamela | $641.70 |
| Anderson, Lavernia | $119.03 |
| Berry, Keyana | $230.85 |
| Brandon, Lawanda | $100.28 |
| Carter, Lezlie | $582.77 |
| Collier, Antica | $45.50 |
| Davis, Lashan | $67.33 |
| Davis, Tyona | $1,543.63 |
| Dillon, Shvone | $463.28 |
| Englemon, Ebony | $1,306.20 |
| Ferguson, Staci | $495.00 |
| Freeman, Tiffany | $531.00 |
| Gilbert, Mercedes | $157.48 |
| Green, Deborah | $711.20 |
| Ingersol, Paulette | $808.03 |
| Ismail, Aja | $278.72 |
| Jackson, Daniels | $53.44 |
| Johnson, Aaron | $149.86 |
| Jones, Christopher | $175.73 |
| Jones, Denice | $678.43 |
| Lockerd, Angela | $803.40 |
| Lowe, Nytwonia | $832.64 |

| APPENDIX 1 | |
|---|---:|
| Lowers, Inez | $25.10 |
| Manton, Kerah | $189.00 |
| Martin, Carmela | $590.85 |
| Mobley, Heavan | $660.15 |
| Nash, Yolanda | $174.68 |
| Nelson, Deketa | $22.00 |
| Pitts, Lesley | $2,329.94 |
| Roberts, Dillian | $7,038.00 |
| Samuels, Chareisse | $3,575.78 |
| Stone-Knight, | $90.00 |
| Sweeton, Makesha | $742.50 |
| Walker, Tyesha | $218.44 |
| Washington, Litosha | $1,156.21 |
| Wiley, Shely | $53.00 |