UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ebony Englemon,

    Plaintiff,

    v.

Ohio First Home Healthcare Inc., *et al.*,

    Defendants.

Case No. 1:16cv1158

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice ("Joint Motion") (Doc. 17) pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). The Joint Motion asks the Court to approve, as fair and reasonable, the proposed Settlement reached by the Parties and memorialized in the Joint Stipulation of Settlement and Release ("Settlement" or "Agreement") attached to the Joint Motion (Doc. 17) as Exhibit A.

Having reviewed the Joint Motion, the Agreement and its Exhibits, the Declaration of Collective Counsel Scott Brady, and the pleadings and other papers on file in this Action, the Court *preliminarily* approves the Agreement and its Exhibits, the proposed Notice, the proposed Consent and Release Form, the proposed allocation and calculation of Individual Payments, and the proposed attorneys' fees and expense reimbursements to Collective Counsel, as follows:

  1. The above-captioned case asserts wage-and-hour claims under the Fair Labor

1

Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and Ohio state law, on behalf of home health aides of Defendant Ohio First Home Health Care, Inc. ("Ohio First"), who were allegedly not paid overtime compensation at the rate of one and one-half their regular rate of pay for all hours they worked over 40 each work week.

2. On December 21, 2016, Representative Plaintiff Ebony Englemon ("Plaintiff") filed this Action as a collective action under the FLSA, and alleged that Ohio First failed to pay its home health aides, including Plaintiff, overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek, in violation of the FLSA, as well as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

3. The Parties represent that, between April 2017 and August 2017, they engaged in an informal yet comprehensive exchange of information, discussions, and negotiations regarding Plaintiff's claims and Defendants' defenses to such claims. This included the calculations of Plaintiff's and the Eligible Settlement Participants' alleged overtime damages.

4. The Parties represent that they engaged in extensive legal discussion and correspondence surrounding the Final Rule, providing legal authority and arguments on both sides, which included numerous and lengthy discussions, written communications, and a meeting between counsel for the Parties.

5. The Parties represent that, from April 2017 to August 2017, they engaged in extensive settlement negotiations, and on August 7, 2017, the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement

2

attached as Exhibit A to the Joint Motion. The Parties represent that they reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

6. If approved, the Settlement will cover Plaintiff and all of the Eligible Settlement Participants identified in Appendix 1 of the Settlement who elect to participate in the Settlement by signing and returning Consent and Release Forms ("Collective Members").

7. To receive an Individual Payment, the Eligible Settlement Participants must sign and return the Consent and Release Form approved by the Court. Under the Agreement, the Eligible Settlement Participants may return Consent and Release Forms to Collective Counsel within sixty (60) days after the mailing of the notice. The Consent and Release Forms must be signed electronically (eSigned) via PDF, postmarked, faxed or emailed to Collective Counsel within the sixty (60) day period to be timely.

8. The Settlement Agreement provides that, in consideration of the Maximum Eligible Settlement Payment, the claims of Plaintiff and the Eligible Settlement Participants who elect to participate in the Settlement by signing and returning Consent and Release Forms are to be dismissed with prejudice.

9. The Court preliminarily finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA. The Court preliminarily finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Collective Counsel has informed the Court that they believe the Settlement is fair, reasonable, and

adequate and in the best interests of Plaintiff and the Eligible Settlement Participants. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. The Joint Motion does not seek an order approving the class representative or counsel, but to the extent such approval is required this Court approves Plaintiff Ebony Englemon to serve as settlement class representative and appoints Andrew Kimble, Philip Bohrer, and Scott Brady to serve as settlement class counsel.

11. The Court preliminarily approves the Agreement. The Court grants preliminary approval of the Settlement as to Plaintiff and all Eligible Settlement Participants who elect to participate in the Settlement.

12. The Court preliminarily finds that the proposed allocation and calculation of the Individual Payments to Collective Members are fair and reasonable. The Court preliminarily approves the method of calculation and proposed distribution of the Individual Payments. The Parties have submitted with the Joint Stipulation of Settlement and Release an Appendix providing the names of the Representative Plaintiff and the Eligible Settlement Participants, and the Individual Payments for the Collective Members. The Court preliminarily approves the amounts and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

13. The Court preliminarily approves the payment of the service award to Plaintiff and the attorneys' fees and expense reimbursements to Collective Counsel as provided

in the Agreement.

The Parties did not request a fairness hearing, based on the following rationale: "Because the proposed Settlement is an FLSA opt-in settlement, as opposed to a Rule 23 opt-out settlement that would bind absent putative collective members, no fairness hearing was requested by the Parties." (Doc. 17; PageID 104) (citing *Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839 (M.D. Fla. Aug. 27, 2008)). The Sixth Circuit has not addressed this issue. Therefore, in an abundance of caution, the Court requires a fairness hearing, which will be set after the Parties submit their revised proposed Notice and revised proposed Consent Form to the Court for consideration, along with any other papers that may require revision in light of this Court's decision to hold a fairness hearing.

**IT IS SO ORDERED.**

Hon. Michael R. Barrett
United States District Judge